# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN D. MALONE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No.:** |
| **ATP HUNTSVILLE, LLC d.b.a.** ) | |
| **ALTITUDE TRAMPOLINE** ) | |
| **PARK, et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, **ATP HUNTSVILLE, LLC ("ATP")** and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division, and, as grounds for removal, shows unto the Court the following:

1. Plaintiff John D. Malone initiated this civil action against Defendant on or about July 13, 2020, in the Circuit Court of Madison County, Alabama, Civil Action No. CV-2020-900988. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of

{DOC# 00701795}

the state court action, which are within the possession, custody and control of Defendant, are attached hereto as Exhibit "1." The case action summary for this case, from the State Judicial Information System website, Alacourt.com, is attached hereto as Exhibit "2." Correspondence regarding the acceptance of service on November 30, 2020 is attached hereto as Exhibit "3."[1] The Affidavit of Benny Thomas is attached hereto as Exhibit "4."

2. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendant has not been served with the Complaint or Summons. Due to defects in service, ATP did not become aware of this lawsuit until November 23, 2020. (Ex. 4, ¶ 4). Accordingly, the undersigned agreed to accept service for ATP on November 30, 2020. (Ex. 3, Acceptance of Service).

3. This Notice of Removal is timely because it is filed before Defendant's 30-day window for post-service removal of the action established in 28 U.S.C. § 1446(b)(1) (providing a 30-day window "after the receipt by the defendant, through service or otherwise" to file a Notice of Removal). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

---

[1] Despite defects in service, ATP and its counsel agreed to accept service for ATP on November 30, 2020.

{DOC# 00701795}                                    2

4. Defendant ATP files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined and served in this Action, both now and at the time the lawsuit was filed in state court. Plaintiff John D. Malone is a resident and citizen of the State of Alabama. (Ex. 1, Compl. at ¶ 1). *See also* 28 U.S.C. 1332(a)(1).

6. It is well settled that the citizenship of a limited liability company is determined by the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant ATP is a domestic limited liability company with only one member, Benny Thomas, who is an individual resident and citizen of the State of Georgia. (Ex. 4). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is

removable based on diversity jurisdiction. The only named and served defendant as of the filing date of this Notice of Removal is Defendant ATP, a non-citizen of the State of Alabama, therefore complete diversity of citizenship exists.

7. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Where it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," the defendant meets its burden of establishing that the amount in controversy is adequate, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-63 (11th Cir. 2010).

8. The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061. The district court is not bound by the plaintiff's representations and does not have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir.

2010)). The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

9.   Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific damages demand in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating, "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes"

Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

10.   Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272 (N.D. Ala. Aug. 31, 2015). In *Bush*, the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant. *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272, *2 (N.D. Ala. Aug. 31, 2015). The court further explained the Eleventh Circuit Court of Appeals "took

{DOC# 00701795}                                    6

corrective steps," because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint." *Bush*, 2015 U.S. Dist. LEXIS 115272, at *2-3. The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Bush*, 2015 U.S. Dist. LEXIS 115272, at *3 (emphasis added).

11. As a final example, Defendant points this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

12. **Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.** This action arises out of an alleged incident that occurred on July 15, 2018, at ATP Huntsville, LLC, which operates as "Altitude Trampoline Park" in Madison County, Alabama. (Ex. 1, Compl. at ¶ 6). Plaintiff John D. Malone alleges he "jumped" from the "rock climbing wall," landed on the cement floor of a foam pit, bypassing the foam, due to inadequate maintenance of the foam pit, and his feet struck the concrete floor under the foam pieces. (Ex. 1, Compl. at ¶ 6). Plaintiff alleges he suffered significant injuries and damage to his body, including **bilateral calcaneus fractures to both feet**, as well as other injuries to his body as a whole. (Ex. 1, Compl. at ¶ 6). In addition to the **bilateral calcaneus fractures to both feet**, Plaintiff also claims the impact caused him to incur **past and future medical bills; permanent physical impairment; pain and suffering, both past and future; mental anguish; both past and future; and past and future lost wages and earning capacity.** (Ex. 1, Compl. at ¶ 9). **Thus, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.**

13. Plaintiff sets forth the following claims in his Complaint: Count One—Negligence – Against Defendant ATP and/or Fictitious Defendants A-I; Count Two—Wantonness and/or Fictitious Defendants A-I – Against Defendant ATP; Count Three—AEMLD – Against Fictitious Defendants G, H, I; Count Four—

Negligence and Wantonness – Against Fictitious Defendants G, H, I;  and Count Five—Breach of Warranty – Against Fictitious Defendants G, H, I. (Ex. 1, Compl.). Plaintiff does not demand a specific amount of damages in his Complaint. He also fails to disclaim the right to, or acceptance of, damages exceeding $74,999.99.

14. Plaintiff claims his alleged fall caused physical injuries to both feet (bilateral calcaneus fractures); he also claims to have incurred medical bills and will incur future medical bills, permanent physical impairment; pain and suffering, both past and future; mental anguish, both past and future; and, past and future lost wages and earning capacity. (Ex. 1, Compl. at ¶ 9). Plaintiff also claims **an award of punitive damages** and compensatory damages the "Court deems fair and appropriate." (Ex. 1, Compl. at ¶ 13). Additionally, punitive damages could be available for both his wantonness claims pursuant to the conditions set forth in *Ala. Code* § 6-11-20.

15. As with the cases above, Plaintiff claims he sustained substantial personal injuries as a result of Defendant's alleged negligent and wanton behavior. Consequently, Plaintiff is "realistically hoping to recover more than $75,000" individually, and the amount in controversy requirement is satisfied in this case.

16. Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of

personal jurisdiction, Defendant ATP Huntsville, LLC submits this Notice of Removal.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant ATP Huntsville, LLC filed notice of the original removal petition with the Clerk of the Circuit Court of Madison County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff by CM/ECF.

                                                Respectfully submitted,

                                                /s/ *Sara Elizabeth Delisle*
                                                Sara Elizabeth DeLisle (ASB-8051-s81d)
                                                Anna C. Saunders (ASB-2747-i00t)
                                                Attorneys for Defendant, ATP Huntsville, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  sbdelisle@carrallison.com
          asaunders@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December 2020, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_Facsimile transmission;
    \_\_\_\_\_Hand Delivery;
    \_\_\_\_\_Electronic Mail;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    **X** Using the Alafile or CM/ECF system which will send notifications of such to the following:

Clint W. Butler, Esq.
MCKINNEY & BUTLER, LLC
303 Williams Ave. SW, Suite 211
Huntsville, AL 35801
clint@personal-injured.com

                                        /s/ *Sara Elizabeth DeLisle*
                                        OF COUNSEL