FILED

2020 Dec-22  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# DEFENDANT'S EXHIBIT 1

# Copies of All Pleadings, Process, Papers on File in the Record of the State Court Action

ELECTRONICALLY FILED
7/13/2020 9:26 AM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>47<br><br>Date of Filing:<br>07/13/2020 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

**JOHN D. MALONE v. ATP HUNTSVILLE LLC**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM**    O ☐ **OTHER**
**DISTRICT COURT**

R ☐ **REMANDED**    T ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ **MONETARY AWARD REQUESTED**  ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

___BUT020___    ___7/13/2020 9:26:23 AM___    ___/s/ CLINT W BUTLER___
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

ELECTRONICALLY FILED
7/13/2020 9:26 AM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE,                               )
                                              )
      Plaintiff,                             )
                                              )
v.                                            )   CV-2020-_____
                                              )
ATP HUNTSVILLE, LLC a domestic limited        )
liability company, FICTITIOUS PARTIES A,      )   JURY TRIAL DEMANDED
B & C, that or those individuals, partnerships, )
proprietorships, corporations or other entities, )
who or which, on or about and/or prior to the )
15th day of July, 2018 owned, leased, rented, )
maintained, inspected, managed and/or         )
otherwise controlled the premises located at  )
6275 University Drive NW #14, Huntsville,      )
Madison County, Alabama;  D, E, F, those       )
individuals, partnerships, proprietorships,    )
corporations or other entities, who or which   )
on or about and/or prior to July 15, 2018,     )
was/were negligent or wanton proximately       )
causing or contributing to the accident and    )
injures of John D. Malone; G,H,I, those        )
individuals, partnerships, proprietorships,    )
corporations, or other entities that designed, )
manufactured, sold, leased, marketed,          )
assembled, installed, or otherwise provided    )
the rock climbing wall and/or foam pit         )
described herein; the names and/or identities  )
or said fictitious party defendant(s) is/are   )
unknown, however if said identity is known,    )
their identity as proper party defendant(s)    )
is/are unknown,                                )

      Defendants.

## **COMPLAINT**

## **GENERAL AVERMENTS**

    1.    The Plaintiff, John D. Malone, at all times relevant to the allegations of the Complaint, is over the age of 19 years and resident of Madison County, Alabama.

    2.    The Defendant, ATP Huntsville, LLC (hereinafter referred to as "ATP") is a domestic limited liability company doing business in Madison County, Alabama.

3.      Fictitious Defendants, A,B,C, is an individual or other entity that owned, leased, rented, maintained, inspected, managed and/or otherwise controlled the premises at 6275 University Drive NW #14, Huntsville, Madison County, Alabama on and prior to July 15, 2018.

4.      Fictitious Defendants, D,E,F is an individual or other entity that on and/or prior to July 15, 2018 were negligent and/or wanton proximately causing or contributing to the accident and injuries suffered by John D. Malone.

5.      References to "Defendants" in this Complaint shall be in regard to all Defendants set forth hereinabove, both named and Fictitious.

6.      On or about July 15, 2018, John D. Malone was an invitee lawfully upon the premises owned, leased, rented, managed, maintained, inspected and otherwise controlled by the Defendants, including ATP, and/or A-I, separately and severally.  While on the Defendant's premises, John jumped from the rock climbing wall into the foam pit below. When John landed in the foam pit, his feet struck the concrete floor under the foam pieces. The foam pieces were insufficient in number or placement resulting in the hidden dangerous condition. Due to the hidden, dangerous condition, John suffered significant injuries and damage to his body, including bi lateral calcaneus fractures, as well as other injuries to his body as a whole.

7.      The defective and/or dangerous condition was a hidden, unreasonably dangerous condition existing upon the premises and the Defendants had "notice" of said condition, and otherwise affirmatively created said condition, and/or failed to adequately inspect/maintain said premises, such that the Defendants had a duty to warn John D. Malone, as an invitee, of the hidden dangerous condition.  The Defendants negligently and/or wantonly breached their duties owed to John D. Malone, proximately resulting in his accident and severe injuries.

8.      The Defendant, including defendants A-I, negligently designed, manufactured, marketed, sold, installed, maintained and/or inspected the rock climbing wall and/or foam pit such that said wall and foam pit were hidden dangerous conditions to customers, including John Malone.

9.      John D. Malone's injuries include:

   A.      Bi lateral calcaneus fractures;
   B.      Past and future medical bills;
   C.      Permanent physical impairment;
   D.      Pain and suffering, both past and future;
   E.      Mental Anguish; both past and future.
   F.      Past and future lost wages and earning capacity.

## COUNT I
## NEGLIGENCE-ATP and/or A-I

10.     Plaintiff, John D. Malone, re-alleges and adopts Paragraphs 1 through 9 and incorporates herein by reference as if fully set forth.

11.     As a direct and proximate result of the negligence of the Defendant, including ATP, and/or A-I separately and severally, John D. Malone was caused to be injured and damaged as follows:

      A.     Bi lateral calcaneus fractures;
      B.     Past and future medical bills;
      C.     Permanent physical impairment;
      D..    Pain and suffering, both past and future;
      E.     Mental Anguish; both past and future.
      F.     Past and future lost wages and earning capacity.

WHEREFORE, Plaintiff, John D. Malone, demands judgment against the Defendant, including ATP, and/or A-I, separately and severally, for damages to compensate him as the Court deems fair and appropriate based upon the evidence presented.

## <u>COUNT II</u>
## WANTONNESS-ATP and/or A-I

12.     Plaintiff re-alleges and adopts Paragraphs 1 through 11 and incorporates herein by reference as if fully set forth.

13.     As a direct and proximate result of the wantonness of the Defendant, including ATP and/or A-F separately and severally, John D. Malone was caused to be injured and damaged as follows:

      A.     Bi lateral calcaneus fractures;
      B.     Past and future medical bills;
      C.     Permanent physical impairment;
      D..    Pain and suffering, both past and future;
      E.     Mental Anguish; both past and future.
      F.     Past and future lost wages and earning capacity.

WHEREFORE, Plaintiff, John D. Malone, demands judgment against the Defendant, including ATP, and/or A-F, separately and severally, for damages to compensate him as the Court deems fair and appropriate based upon the evidence presented and an award of punitive damages the Court deems necessary and appropriate based upon the evidence presented.

## COUNT III- AEMLD- G,H,I

14.     The Plaintiff incorporates by reference Paragraphs 1-13 as if fully set forth herein.

15.     The rock climbing wall and/or foam pit involved in this matter was designed, manufactured, assembled, installed, sold, supplied, distributed or warranted by G,H, I.

16.     John Malone was a user of rock climbing wall and foam pit.

17.     The Defendants placed the rock climbing wall and/or foam pit on the market knowing that it would be used without further inspection for hidden defects.

18.     The rock climbing wall and/or foam pit were expected to, and did, reach the Plaintiff, without substantial change in the condition in which it was sold.

19.     The rock climbing wall and/or foam pit were in a defective condition unreasonably dangerous to John Malone, when it was sold.

20.     John Malone was using the rock climbing wall and/or foam pit for their intended purpose when John jumped into the foam pit and struck his feet on concrete, proximately causing his bodily injuries.

21.     As a proximate result of the defective rock climbing wall and/or foam pit, whether by design, manufacture, assembly, installation and/or warning, John Malone has been injured as follows:

      A.     Bi lateral calcaneus fractures;
      B.     Past and future medical bills;
      C.     Permanent physical impairment;
      D.     Pain and suffering, both past and future;
      E.     Mental Anguish; both past and future.
      F.     Past and future lost wages and earning capacity.

WHEREFORE, these premises considered, John Malone seeks judgment against the Defendants, G, H, I, separately and severally, for an amount of compensatory damages the jury deems fit under the laws of the State of Alabama and an award of punitive damages if the evidence reveals is appropriate and necessary.

## COUNT IV- NEGLIGENCE AND WANTONESS- G,H,I

22.     The Plaintiff incorporates by reference Paragraphs 1-21 as if fully set forth herein.

23.    Defendants, G,H,I, were negligent and/or wanton in the design, manufacture, assembly, installation, sale, supply, distribution, warnings and/or instructions relating to the rock climbing wall and/or foam pit, such that there was an unreasonable risk of readily foreseeable injury and/or the dangerous rock climbing wall and/or foam pit in that a user of the rock climbing wall and/or foam pit could strike the concrete below the foam pieces resulting in serious bodily injury with the expected and ordinary use.

24.    Said Defendants failed to exercise reasonable care and/or acted with a reckless indifference to the consequences proximately causing injury and damage to John Malone.

25.    The dangerous defective condition was not readily observable by John Malone.

26.    As a proximate result of the negligence and/or wantonness of the Defendants, John Malone was injured as follows:

      A.    Bi lateral calcaneus fractures;
      B.    Past and future medical bills;
      C.    Permanent physical impairment;
      D.    Pain and suffering, both past and future;
      E.    Mental Anguish; both past and future.
      F.    Past and future lost wages and earning capacity.

WHEREFORE, these premises considered, John Malone seeks judgment against the Defendants, G,H, I,  separately and severally, for an amount of compensatory damages the jury deems fit under the laws of the State of Alabama and an award of punitive damages the evidence reveals is appropriate and necessary.

## COUNT V- BREACH OF WARRANTY- G,H, I

27.    The Plaintiff incorporates by reference Paragraphs 1-26 as if fully set forth herein.

28.    Defendant, G,H,I separately and severally, were regularly in the business of designing, selling, distributing rock climbing walls and/or foam pits.

29.    John Malone is a user/consumer of said rock climbing wall and/or foam pit.

30.    The rock climbing wall and/or foam pit were not suitable or fit for the ordinary purpose for which the rock climbing wall and/or foam pit were used and warranted.

31.    As a proximate result of the breach of the warranty, both express and implied, John Malone was injured as follows:

      A.    Bi lateral calcaneus fractures;
      B.    Past and future medical bills;
      C.    Permanent physical impairment;

    D.      Pain and suffering, both past and future;

    E.      Mental Anguish; both past and future.

    F.      Past and future lost wages and earning capacity.

WHEREFORE, these premises considered, John Malone seeks judgment against the Defendants, G,H, I,  separately and severally, for an amount of compensatory damages the jury deems fit under the laws of the State of Alabama and an award of punitive damages the evidence reveals is appropriate and necessary.

*/s/ Clint W. Butler*
_____

**CLINT W. BUTLER**  (BUT020)

Attorney for Plaintiff

OF COUNSEL:

**MCKINNEY & BUTLER, LLC**

303 Williams Ave. SW, Ste. 211

Huntsville AL 35801

(256) 536-6307

(256) 536-6317 Fax

SERVE DEFENDANT BY CERTIFIED MAIL TO:

Defendant's Registered Agent Address:

ATP Huntsville LLC

c/o Incorp Services, Inc.

4142 Carmichael Road

Montgomery, AL 36106

ELECTRONICALLY FILED
7/13/2020 9:26 AM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE,                          )
                                         )
      Plaintiff,                          )
                                         )
v.                                       )     CV-2020-_____
                                         )
ATP HUNTSVILLE, LLC a domestic limited   )
liability company, FICTITIOUS PARTIES A, )
B & C, that or those individuals, partnerships, )
proprietorships, corporations or other entities, )
who or which, on or about and/or prior to the )
15th day of July, 2018 owned, leased, rented, )
maintained, inspected, managed and/or )
otherwise controlled the premises located at )
6275 University Drive NW #14, Huntsville, )
Madison County, Alabama; D, E, F, those )
individuals, partnerships, proprietorships, )
corporations or other entities, who or which )
on or about and/or prior to July 15, 2018, )
was/were negligent or wanton proximately )
causing or contributing to the accident and )
injures of John D. Malone; G,H,I, those )
individuals, partnerships, proprietorships, )
corporations, or other entities that designed, )
manufactured, sold, leased, marketed, )
assembled, installed, or otherwise provided )
the rock climbing wall and/or foam pit )
described herein; the names and/or identities )
or said fictitious party defendant(s) is/are )
unknown, however if said identity is known, )
their identity as proper party defendant(s) )
is/are unknown,                          )

      Defendants.

## **PLAINTIFF'S INTERROGATORIES TO DEFENDANT**

      COME NOW the Plaintiff and requests that the Defendant answer the following interrogatories pursuant to the Alabama Rules of Civil Procedure:

### **Instructions**

      Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

     a.     The type of document or thing;

     b.     The types of information contacted thereon;

     c.     The date upon which it ceased to exist;

     d.     The circumstances under which it ceased to exist;

     e.     The identity of all person having knowledge of the circumstances under which it ceased to exist; and

     f.     The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## **<u>INTERROGATORIES</u>**

1.      Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.      Please identify, by giving the name, address and last known telephone number, each and every person known to you to have  knowledge of the events and conditions set out in the Complaint.  (NOTE: "identify" is a term defined in the Definitions and Instructions section hereof.)

3.      Please state the name of any experts you anticipate calling to testify at the trial of this matter along with a summary of said expert's qualifications, the substance of the facts to which the expert is expected to testify, the substance of the opinions which said expert is expected to testify and all correspondence or other communications between the expert and any other entity, individual, party to this action and/or the attorneys for any parties to this action.

4.      Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses, the Plaintiff, or any other individual having knowledge of the facts and circumstances of John Malone's incident of July 15, 2018.  (whether oral, written, recorded or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

5.      Please give a full description of each and every document that you intend to introduce into evidence at the trial of this cause.

6.      State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If so, please state the following with regard to each person or entity that entered into an insurance agreement with you:

        (a)      the name and mailing address of the person or entity;
        (b)      the applicable policy number(s);
        (c)      the term(s) of the policy(s); and
        (d)      the limits of liability afforded under the agreement(s).

7.      Describe what warnings were provided to the Plaintiff or other invitees regarding any dangerous conditions of the premises, or other physical surrounding structures.

8.      Please provide the names and addresses of all individuals, including invitees and employees of any Defendants, involved in an incident or accident upon the premises of any ATP Huntsville LLC location in the State of Alabama from January 1, 2013 to the present.

9.      The names and addresses of any all entities having any interest or participation in the ownership, control, management, leasing, management, of the premises located at 6275 University Drive NW #14, Huntsville, that is not already listed in the Complaint, for the time period of January 1, 2018 to December 31, 2018.

10.     Please state the name and address of all employees of Defendant on duty at ATP Huntsville LLC on July 15, 2018.

11.     State in detail all repairs or modifications to the premises, including the dates and persons performing said repairs and modifications, from January 1, 2018 to the present.

12.     State in detail the condition of the rock climbing wall and foam pit area where the Plaintiff was injured on July 15, 2018 and when this defendant or its employee or representative last inspected said area.

13.     Provide the name, address and contact information for the entity and/or individuals responsible for the inspection, maintenance and repair of the premises, including the area where the Plaintiff suffered his injuries, for the time period of January 1, 2013 to the present.

14.     State the last date and time any inspection was performed of the area before the Plaintiff suffered his injuries. State in detail the condition of the area at the time of said inspection and the name and address of said person performing said inspection.

15.     State in detail all complaints or notifications of any unsafe or defective condition, or any part of the premises in disrepair from January 1, 2013 to the present. Include the name, address and phone number of said person making said complaint or providing said notification.

16.     State the date in which this defendant first entered into any lease agreement with the owner/management company of said real property.

17.     Provide in detail all modifications made by this Defendant, or any individual or entity on behalf of said Defendant, to the premises since first entering into any lease agreement with the owner/management company of said real property.

18.     State whether this Defendant, or any other individual or entity, has Medical Payments Coverage available for persons injured while on the premises on the date of July 15, 2018.

19.     State in detail all instructions, manuals, warnings or other literature provided to this Defendant by the manufacturer, supplier, distributor of the rock climbing wall and/or the foam pit regarding the installation, inspection, and maintenance of the rock wall and/or foam pit.

20.     State the name, address and phone number for the individual or entity from which the rock climbing wall and foam pit were purchased by this Defendant.

21.    State the date upon which the rock climbing wall and foam pit were purchased and installed.

22.    State the name, address and phone number of the individual or entity that installed the rock climbing wall and foam pit.

23.     State whether this defendant conducted any investigation of the incident involving John Malone and if so, provide the details of said investigation.

24.    State whether this defendant has obtained any verbal, written or otherwise recorded statements from any individual regarding John Malone's incident of July 15, 2018.   If so, please provide the details of said statement, or provide a copy of said statement.

*/s/Clint W. Butler*
**CLINT W. BUTLER**          (BUT020)
Attorney for Plaintiff

OF COUNSEL:
**MCKINNEY & BUTLER, L.L.C.**
303 Williams Ave. SW, Ste. 211
Huntsville, AL 35801
Phone: (256) 536-6307
Fax:    (256) 536-6317
Email: clint@personal-injured.com

**TO BE SERVED ON DEFENDANT WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
7/13/2020 9:26 AM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| JOHN D. MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-2020-_____ |
| | ) | |
| ATP HUNTSVILLE, LLC a domestic limited | ) | |
| liability company, FICTITIOUS PARTIES A, | ) | |
| B & C, that or those individuals, partnerships, | ) | |
| proprietorships, corporations or other entities, | ) | |
| who or which, on or about and/or prior to the | ) | |
| 15th day of July, 2018 owned, leased, rented, | ) | |
| maintained, inspected, managed and/or | ) | |
| otherwise controlled the premises located at | ) | |
| 6275 University Drive NW #14, Huntsville, | ) | |
| Madison County, Alabama; D, E, F, those | ) | |
| individuals, partnerships, proprietorships, | ) | |
| corporations or other entities, who or which | ) | |
| on or about and/or prior to July 15, 2018, | ) | |
| was/were negligent or wanton proximately | ) | |
| causing or contributing to the accident and | ) | |
| injures of John D. Malone; G,H,I, those | ) | |
| individuals, partnerships, proprietorships, | ) | |
| corporations, or other entities that designed, | ) | |
| manufactured, sold, leased, marketed, | ) | |
| assembled, installed, or otherwise provided | ) | |
| the rock climbing wall and/or foam pit | ) | |
| described herein; the names and/or identities | ) | |
| or said fictitious party defendant(s) is/are | ) | |
| unknown, however if said identity is known, | ) | |
| their identity as proper party defendant(s) | ) | |
| is/are unknown, | ) | |
| | | |
| Defendants. | | |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO THE DEFENDANT

COME NOW the Plaintiffs and request that the Defendant provide the following documents and information pursuant to the Alabama Rules of Civil Procedure.

## Definitions

As used herein, the term "document" means, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process or written or produced by hand:    agreements; contracts; orders; purchase orders; communications; correspondence; letters; telegrams; tape recordings; memoranda; summaries; notes or other

recordings or telephone conversations, personal conversations or meetings; corporate chargers, by-laws, minutes or other documents of any description evidencing action taken by a corporate entity; deeds, leases, mortgages, security agreements or legal documents of any kind and description; agenda of meetings; notices; records and interoffice memoranda; personal memoranda; photographs; photographic slides; motion pictures; films; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer print-outs; reports; statements of witnesses; findings of investigations; files; records of negotiation; reports of experts; reports of consultants; papers; books; records; objects; summaries; videotapes; maps; posters; pamphlets; fliers; and any and every other written, graphic, mechanical or tangible means by which human intelligence is in any way transmitted, reported or preserved.

The term "person" means any person, firm, corporation, partnership, joint venture, governmental unit or agency thereof, or any juridical person or any other legal entity.

The word "communication" means any written or oral contact or communication or document relating thereto between two or more persons or companies and shall include without limitations written contact by such means as letters, memoranda, telegrams, telex or by any document and oral contact by such means as face-to-face meetings and telephone conversations.

Unless otherwise specified, as used herein, the words "meeting" and "meetings" mean any coincidence of presence of two or more persons between or among whom some communication occurs whether or not such coincidence of presence was by chance of pre-arranged, formal or informal or in connection with some other activity.

## **Instructions**

IF YOU OBJECT to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

IF ANY REQUESTED DOCUMENTS OR THINGS CANNOT BE PRODUCED IN FULL, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

IF ANY DOCUMENT requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

IN PRODUCING DOCUMENTS and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

IF ANY DOCUMENTS or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

      a.      The type of document or thing;

      b.      The types of information contacted thereon;

      c.      The date upon which it ceased to exist;

      d.      The circumstances under which it ceased to exist;

      e.      The identity of all person having knowledge of the circumstances under which it ceased to exist; and

      f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

THIS REQUEST FOR PRODUCTION IS DEEMED TO BE CONTINUING.  If, after producing documents and things, you obtain or become aware of any further documents, things or information responsive to this request for production of documents, you are required to produce to plaintiffs such additional documents and things and/or provide plaintiffs with such additional information.

## **REQUEST FOR PRODUCTION**

1.      Copy of the incident, accident or other report prepared by or on behalf of this Defendant or any other Defendant or its employees, agents, servants or representatives regarding the incident involving the Plaintiff which occurred on July 15, 2018.

2.      Copy of any and all statements taken from Plaintiff, whether written, recorded, by audio or video tape regarding the incident on July 15, 2018.

3.      Copy of any and all photographs, video tapes or other electronic recording of the premises and/or area of the Plaintiff's incident or the area of the rock climbing wall and/or foam pit taken on July 15, 2018.

4.      Copy of any and all videotapes of the activities of the Plaintiff from July 15, 2018 to the present.

5. Copy of any and all incident, accident or other reports where employees and/or invitees sustained any injury or involving any incident on the premises on or about January 1, 2013 to the present.

6. Any and all signed or unsigned statements, accounts or reports made by any persons including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint for the timer period of January 1, 2013 to the present. (If you refuse to produce copies of any of the requested documents based upon attorney-client privilege or work product doctrine, for each please give the name and address of

the custodian of said document, the name and address of the person from whom the statement, account or report was obtained, the name and address of the person who obtained said statement, account or report and the nature and specific subject matter of said statement, account or report.)

7.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

8.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

9.      Copies of all records of inspections of the area of the Plaintiff's injuries prior to the date of the accident made the basis of this Complaint.

10.     Copies of all medical records, information or other items or things relating to the Plaintiff's injuries suffered as a result of the accident made the basis of the Complaint.

11.     Copies of all medical records, information or other items or things relating to the Plaintiff's medical history, including all medical treatment, conditions, illnesses, diagnosis, procedures in the possession of the Defendant or its attorneys or other representatives, whether said information and items relate to treatment before or after the accident made the basis of the Plaintiff's Complaint.

12.     Any and all warnings provided to or for the Plaintiff or other invitees and employees regarding any dangerous condition of the premises, or other physical surrounding structures.

13.     Any and all documents or other tangible item or things reflecting the names and addresses of all individuals, including invitees and employees of any Defendant, involved in an incident or accident (whether injury occurred or not) at any ATP Huntsville LLC property in the State of Alabama from January 1, 2013  to the present..

14.     Any and all documents or other tangible items or things reflecting that this Defendant, its agent or employee were aware or otherwise on notice of any dangerous or defective condition of the premises on or about July 15, 2018.

15.     Any "waiver" purportedly executed by John Malone.

16.     Complete copy of the lease agreement between this defendant and the owner/management company of the real property where the defendant's business is located.

17.     All instructions, manuals, warnings, or other literature provided to this defendant by the Altitude franchisor, manufacturer, supplier, distributor, or seller of the rock climbing wall and/or foam pit regarding the installation, inspection, maintenance and use of the rock climbing wall and/or foam pit.

18.     All receipts, invoices, bills or sales or other documentation of this defendant's purchase of the rock climbing wall and/or foam pit.

19.    All instructions, manuals, warnings, guidelines, standards, literature, expertise or consultations relied upon or received by this defendant in the installation, inspection, maintenance and use of the rock climbing wall and/or foam pit by customers.

20.    Any franchise agreement between this defendant and "Altitude" or any other entity or individual relating to the operation of this defendant's business in Huntsville, Alabama.

/s/Clint W. Butler
**CLINT W. BUTLER**        (BUT020)
Attorney for Plaintiff

OF COUNSEL:
**MCKINNEY & BUTLER, L.L.C.**
303 Williams Ave. SW, Ste. 211
Huntsville, AL 35801
Phone: (256) 536-6307
Fax:    (256) 536-6317
Email: clint@personal-injured.com
          **TO BE SERVED ON DEFENDANT WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
7/13/2020 9:26 AM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| JOHN D. MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-2020-_____ |
| | ) |
| ATP HUNTSVILLE, LLC a domestic limited | ) |
| liability company, FICTITIOUS PARTIES A, | ) |
| B & C, that or those individuals, partnerships, | ) |
| proprietorships, corporations or other entities, | ) |
| who or which, on or about and/or prior to the | ) |
| 15th day of July, 2018 owned, leased, rented, | ) |
| maintained, inspected, managed and/or | ) |
| otherwise controlled the premises located at | ) |
| 6275 University Drive NW #14, Huntsville, | ) |
| Madison County, Alabama;  D, E, F, those | ) |
| individuals, partnerships, proprietorships, | ) |
| corporations or other entities, who or which | ) |
| on or about and/or prior to July 15, 2018, | ) |
| was/were negligent or wanton proximately | ) |
| causing or contributing to the accident and | ) |
| injures of John D. Malone; G,H,I, those | ) |
| individuals, partnerships, proprietorships, | ) |
| corporations, or other entities that designed, | ) |
| manufactured, sold, leased, marketed, | ) |
| assembled, installed, or otherwise provided | ) |
| the rock climbing wall and/or foam pit | ) |
| described herein; the names and/or identities | ) |
| or said fictitious party defendant(s) is/are | ) |
| unknown, however if said identity is known, | ) |
| their identity as proper party defendant(s) | ) |
| is/are unknown, | ) |
| | |
| Defendants. | |

---

## 30b(5) & (6) NOTICE OF TAKING DEPOSITION

---

PLEASE TAKE NOTICE that, pursuant to *A.R.Civ.P. 30b(5) & (6)*, the undersigned party to this cause will take the deposition by oral examination of the following named party at the time, date and place indicated before a court reporter or some other person authorized by law to take depositions.  This deposition will continue from time to time until completed.

DEPONENT:        Corporate Representative of ATP Huntsville LLC

PLACE:             McKinney & Butler, LLC
                        303 Williams Ave. SW, Ste. 211

Huntsville, AL 35801

DATE:           October 14, 2020

TIME:           10:00 a.m. CST

The deponent shall be prepared to answer and discuss following issues:

1.      Testimony regarding the allegations of the Plaintiff's Complaint;
2.      The deponent shall produce the following original documents to be copied and/or inspected at the time and place designated above:

1.      Copy of the incident, accident or other report prepared by or on behalf of this Defendant or any other Defendant or its employees, agents, servants or representatives regarding the incident involving the Plaintiff which occurred on July 15, 2018.

2.      Copy of any and all statements taken from Plaintiff, whether written, recorded, by audio or video tape regarding the incident on July 15, 2018.

3.      Copy of any and all photographs, video tapes or other electronic recording of the premises and/or area of the Plaintiff's incident or the area of the rock climbing wall and/or foam pit taken on July 15, 2018.

4.      Copy of any and all videotapes of the activities of the Plaintiff from July 15, 2018 to the present.

5. Copy of any and all incident, accident or other reports where employees and/or invitees sustained any injury or involving any incident on the premises on or about January 1, 2013 to the present.

6. Any and all signed or unsigned statements, accounts or reports made by any persons including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint for the timer period of January 1, 2013 to the present. (If you refuse to produce copies of any of the requested documents based upon attorney-client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account or report was obtained, the name and address of the person who obtained said statement, account or report and the nature and specific subject matter of said statement, account or report.)

7.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

8.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

9.      Copies of all records of inspections of the area of the Plaintiff's injuries prior to the date of the accident made the basis of this Complaint.

10.     Copies of all medical records, information or other items or things relating to the Plaintiff's injuries suffered as a result of the accident made the basis of the Complaint.

11.     Copies of all medical records, information or other items or things relating to the Plaintiff's medical history, including all medical treatment, conditions, illnesses, diagnosis, procedures in the possession of the Defendant or its attorneys or other representatives, whether said information and items relate to treatment before or after the accident made the basis of the Plaintiff's Complaint.

12.     Any and all warnings provided to or for the Plaintiff or other invitees and employees regarding any dangerous condition of the premises, or other physical surrounding structures.

13.     Any and all documents or other tangible item or things reflecting the names and addresses of all individuals, including invitees and employees of any Defendant, involved in an incident or accident (whether injury occurred or not) at any ATP Huntsville LLC property in the State of Alabama from January 1, 2013  to the present..

14.     Any and all documents or other tangible items or things reflecting that this Defendant, its agent or employee were aware or otherwise on notice of any dangerous or defective condition of the premises on or about July 15, 2018.

15.     Any "waiver" purportedly executed by John Malone.

16.     Complete copy of the lease agreement between this defendant and the owner/management company of the real property where the defendant's business is located.

17.     All instructions, manuals, warnings, or other literature provided to this defendant by the Altitude franchisor, manufacturer, supplier, distributor, or seller of the rock climbing wall and/or foam pit regarding the installation, inspection, maintenance and use of the rock climbing wall and/or foam pit.

18.     All receipts, invoices, bills or sales or other documentation of this defendant's purchase of the rock climbing wall and/or foam pit.

19.     All instructions, manuals, warnings, guidelines, standards, literature, expertise or consultations relied upon or received by this defendant in the installation, inspection, maintenance and use of the rock climbing wall and/or foam pit by customers.

20.      Any franchise agreement between this defendant and "Altitude" or any other entity or individual relating to the operation of this defendant's business in Huntsville, Alabama.

*/s/Clint W. Butler*
**CLINT W. BUTLER**          (BUT020)
Attorney for Plaintiff

OF COUNSEL:
**MCKINNEY & BUTLER, L.L.C.**

303 Williams Ave. SW, Ste 211
Huntsville, AL 35801
Phone: (256) 536-6307
Fax:      (256) 536-6317
Email: clint@personal-injured.com

**<u>To be served with Summons and Complaint</u>**



AlaFile E-Notice

47-CV-2020-900988.00

To:   CLINT W BUTLER
      clint@personal-injured.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE V. ATP HUNTSVILLE LLC
47-CV-2020-900988.00

The following complaint was FILED on 7/13/2020 9:26:20 AM

Notice Date:      7/13/2020 9:26:20 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2020-900988.00

To: ATP HUNTSVILLE LLC
C/O INCORP SERVICES INC
4142 CARMICHAEL RD.
MONTGOMERY, AL, 36106

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE V. ATP HUNTSVILLE LLC
47-CV-2020-900988.00

The following complaint was FILED on 7/13/2020 9:26:20 AM

Notice Date:      7/13/2020 9:26:20 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2020-900988.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### JOHN D. MALONE V. ATP HUNTSVILLE LLC

**NOTICE TO:** ATP HUNTSVILLE LLC, C/O INCORP SERVICES INC 4142 CARMICHAEL RD., MONTGOMERY, AL 36106

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CLINT W BUTLER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 303 Williams Ave. SW, Ste. 211, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOHN D. MALONE *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

| 07/13/2020 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ CLINT W BUTLER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          *(Address of Server)*

*(Type of Process Server)*          *(Server's Signature)*

_____

_____

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
7/20/2020 3:58 PM
47-CV-2020-900988.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **47-CV-2020-900988.00** |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### JOHN D. MALONE V. ATP HUNTSVILLE LLC

**NOTICE TO:** ATP HUNTSVILLE LLC, C/O INCORP SERVICES INC 4142 CARMICHAEL RD., MONTGOMERY, AL 36106

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CLINT W BUTLER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 303 Williams Ave. SW, Ste. 211, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOHN D. MALONE pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 07/13/2020 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ CLINT W BUTLER

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☑ Return receipt of certified mail received in this office on 07/20/2020

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____ .

*(Name of Person Served)*        *(Name of County)*        *(Date)*

_____        _____
*(Type of Process Server)*        *(Address of Server)*

_____        _____
*(Server's Signature)*        

_____        _____
*(Server's Printed Name)*        *(Phone Number of Server)*

**47-CV-2020-900988.00**
JOHN D. MALONE V. ATP HUNTSVILLE LLC

| C001 - JOHN D. MALONE | v. | D001 - ATP HUNTSVILLE LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATP Huntsville LLC
c/o Incorp Services Inc.
4142 Carmichael Rd.
Montgomery, AL 36106

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2439 6249 0550 30

2. Article Number (Transfer from service label)

7017 0660 0000 1998 6987

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



AlaFile E-Notice

47-CV-2020-900988.00

To:   CLINT W BUTLER
      clint@personal-injured.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE V. ATP HUNTSVILLE LLC
47-CV-2020-900988.00

The following RETURN ON SERVICE - SERVED was FILED on 7/20/2020 3:58:50 PM

Notice Date:      7/20/2020 3:58:50 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2020-900988.00

To:   ATP HUNTSVILLE LLC (PRO SE)
C/O INCORP SERVICES INC
4142 CARMICHAEL RD.
MONTGOMERY, AL, 36106-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE V. ATP HUNTSVILLE LLC
47-CV-2020-900988.00

The following RETURN ON SERVICE - SERVED was FILED on 7/20/2020 3:58:50 PM

Notice Date:     7/20/2020 3:58:50 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2020-900988.00

To:   CLINT W BUTLER
        clint@personal-injured.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN D. MALONE V. ATP HUNTSVILLE LLC
47-CV-2020-900988.00

The following RETURN ON SERVICE - SERVED was FILED on 7/20/2020 3:58:50 PM

Notice Date:       7/20/2020 3:58:50 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390